**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRIGHT UZOCHUKWU OKPARA,

Petitioner,

v. No. 1:26-cv-03651-MLG-JHR

MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director of the United States Immigration and Customs Enforcement; MARY DE ANDA YBARRA, in her official capacity as Field Office Director of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations for the El Paso Field Office; JOHN MILIAN, in his official capacity as Warden of the Torrance County Detention Facility,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Bright Uzochukwu Okpara's Verified Petition for Writ of Habeas Corpus ("Petition"), filed October 28, 2026. *See* Doc. 1. Okpara challenges his continued detention and seeks his immediate release. *Id.* at 1, 16. Federal Respondents[1] do not contest that Okpara entered the United States in 2021; that he was released on his own recognizance in March 2022; that he does not have a criminal history beyond a speeding ticket and

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than John Milian, Warden of the Torrance County Detention Facility.

a warning for a defective brake light; and that he was re-detained by Immigration and Customs Enforcement officers on July 28, 2026. *Id.* at 5, 8, 10, 14. An immigration judge ordered Okpara removed in 2024 and Okpara's appeal from that order remains pending. Doc. 1 at 4.

Federal Respondents concede that Okpara's detention is governed by 8 U.S.C. § 1226(a) and *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Doc. 7 at 2. Federal Respondents do not respond to Okpara's argument that his due process rights were violated when he was re-detained without procedural safeguards despite there being no change in circumstances since his release on recognizance in March 2022. Doc. 1 at 4, 7, 10. The Court interprets Federal Respondents' lack of argument as a concession. *See, e.g.*, *Amparan v. Demir*, 234 F. Supp. 3d 1110, 1126 (D.N.M. 2017) ("The failure to respond constitutes . . . a concession to [Okpara's] arguments."), *aff'd sub nom. Amparan v. Lake Powell Car Rental Companies*, 882 F.3d 943 (10th Cir. 2018).

As the Court has explained in other cases involving similar facts and raising the same legal considerations, a petitioner's Fifth Amendment due process rights are violated when they are re-detained (after being released on their own recognizance) without a pre-deprivation hearing or a finding that they are now a flight risk or dangerous.[2] *See, e.g.*, *Diallo v. Orozco*, No. 2:26-CV-00066-MLG-JHR, 2026 WL 608746, at *2-*4 (D.N.M. Mar. 4, 2026) (employing the *Mathews v. Eldridge* balancing test to hold that re-detention of a petitioner initially released on their own recognizance pursuant to § 1226(a)(2) without a pre-deprivation hearing or immigration court finding of a change in dangerousness or flight risk constitutes a due process violation). Adopting that analysis here, due process demands that Okpara receive a pre-deprivation hearing because (1)

[2] Prior to releasing Okpara on his own recognizance, a federal immigration officer was required to determine that he was neither a flight risk nor a danger to the community. *See* 8 C.F.R. § 236.1(c)(8).

he has a clear liberty interest in remaining out of custody; (2) the risk of erroneous deprivation under the procedures used here is high, and the probable value of additional procedural safeguards is considerable, given that Okpara was re-detained despite Federal Respondents' failure to provide any valid legal basis to justify his civil detention; and (3) the United States' interest in detaining him is low because they have already released him on his own recognizance, and the cost of a pre-deprivation hearing is minimal. *Diallo*, 2026 WL 608746, at *2-*4; *see also Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) ("Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that [they] will be re-detained only if [they] violate[ ] the conditions of [their] release." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025).

Because Okpara did not receive a pre-deprivation hearing, *see* Doc. 1 at 4, 7, his detention is an ongoing violation of his right to due process. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Federal Respondents argue that under *Santillan Quiroz* the "appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." Doc. 7 at 2. Although there are circumstances in which "a meaningful postdeprivation hearing is adequate" to satisfy due process, Federal Respondents do not argue that this case presents such a situation. *See* Doc. 7; *see Clark v. City of Draper*, 168 F.3d 1185, 1189 (10th Cir. 1999) ("Although

normally a property owner is entitled to a predeprivation hearing, where, as in this case, the state must act quickly, a meaningful postdeprivation hearing is adequate."). Absent any argument from Federal Respondents as to why a post-deprivation hearing would provide adequate process in this case, the Court is unable to conclude that a post-deprivation bond hearing, rather than immediate release, is the proper remedy for the due process violation that occurred here. *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319 (E.D.N.Y. 2025) ("[A] post-deprivation bond hearing before a DHS officer or even an immigration judge would provide no genuine opportunity to relief because the detention without adequate pre-deprivation procedures has already been carried out."), *appeal dismissed*, No. 26-219, 2026 WL 1208948 (2d Cir. Feb. 25, 2026); *cf. Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (providing that in habeas corpus proceedings, "a federal court 'possesses power to grant any form of relief necessary to satisfy the requirement of justice.'" (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969))).

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Okpara from custody.
2. Upon Okpara's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA